FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN - 8 2008

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ROBERT ALLEN HARDEN,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT HERNANDEZ, Warden,<br><br>    Respondent. | No. EDCV 07-990-FMC (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: Jan. 3, 2008

FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ALLEN HARDEN,<br><br>Petitioner,<br><br>v.<br><br>ROBERT HERNANDEZ, Warden,<br><br>Respondent. | NO. EDCV 07-990 FMC (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Florence-Marie Cooper, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be dismissed without prejudice.

///
///
///
///
///

I.

## SUMMARY OF PROCEEDINGS

On October 5, 2005, Petitioner pled guilty to second-degree burglary. (Petition at 2.) On the same day Petitioner was sentenced to 25 years to life, but under the terms of a plea agreement and a *Vargas* waiver,[1] he was also sentenced to 11 years, four months. (Lodged Document ("LD") 3 at 13-15.) The plea agreement provided that Petitioner would be released on his own recognizance to visit with his seriously ill child; and if he returned at the court-appointed time for sentencing, he would receive the shorter sentence, whereas if he did not, he would receive the longer one. (LD 1, App. A at 2.) Petitioner was then released on his own recognizance until December 6, 2005, at which time he appeared but requested a continuance because of his son's continuing medical problems. (Motion to Dismiss ("MTD") at 2.) The court granted the continuance until January 5, 2006, at which time Petitioner failed to appear because he had to take his son to the hospital. (LD 1, App. A at 3.) On March 3, 2006, the court found that Petitioner had willfully violated the terms of the *Vargas* waiver and reimposed the 25-to-life sentence. (*Id.*)

On February 21, 2007, the California Court of Appeal affirmed Petitioner's conviction in an unpublished decision. (LD 1, App. A.) On May 23, 2007, the California Supreme Court denied review without explanation. (LD 2.)

On August 8, 2007, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, raising three grounds for relief: (1) the trial court erred in finding that Petitioner willfully failed to appear for sentencing when Petitioner established good cause because he had to take his seriously ill son to the hospital; (2) Petitioner did not waive his right to appeal the trial court's decision that Petitioner willfully failed to appear for sentencing;

---

[1] *People v. Vargas*, 223 Cal. App. 3d 1107, 273 Cal. Rptr. 48 (1990).

and (3) the trial court erred in finding that Petitioner willfully failed to appear for sentencing without good cause.

On August 23, 2007, Petitioner filed a motion to stay to permit him to exhaust new constitutional claims in state court. On September 11, 2007, Respondent filed a motion to dismiss the petition on the ground that it fails to state a federal question. On September 24, 2007, Petitioner renewed his motion for a stay, which the Court construes also as a response to Respondent's motion ("Response"). On October 16, 2007, Respondent filed an opposition to the motion to stay. On October 30, 2007, Petitioner filed a document entitled, in part, "Object to Respondent Requesting the Court to Deny Petitioner Stay," which the Court construes as a reply brief in support of Petitioner's motion for a stay.

The Court has taken Respondent's motion to dismiss and Petitioner's motion to stay under submission and the matter is now ready for decision. Petitioner's motion for a stay is denied in a separate minute order. This Report and Recommendation addresses Respondent's motion to dismiss.

## II.

## DISCUSSION

### A. Exhaustion of State Remedies

Petitioner states that he is in the process of exhausting state remedies on the following violations of his constitutional rights: (a) the trial court erred in failing to conduct a competency hearing, in allowing Petitioner to represent himself and enter into a plea agreement and *Vargas* waiver, and in denying a motion to substitute counsel; (b) Petitioner's *Vargas* waiver was not knowing, intelligent, or voluntary; (c) Petitioner's plea was not knowing, intelligent, or voluntary; and (d) cumulative error.[2]

---

[2] The test for determining whether a plea is valid is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (citation and internal quotation marks omitted). "[T]he

3

A prerequisite to obtaining federal habeas corpus relief is the exhaustion of available state judicial remedies. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). Federal courts are required to give the states an initial opportunity to correct alleged violations of their prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995). Accordingly, a federal court will not review a petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies on every claim presented. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). A petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981), *cert. denied*, 455 U.S. 1023 (1982).

A petitioner has satisfied the exhaustion requirement if (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it (*Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982)); or (2) he demonstrates that no state remedy remains available. *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983); 28 U.S.C. § 2254(c).

---

record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Brady v. United States*, 397 U.S. 742, 747 n.4, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). The presumption is rebuttable. *See Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986) (plea induced by misrepresentation that a specific sentence had been agreed); *see also Mabry v. Johnson*, 467 U.S. 504, 509-10, 104 S. Ct. 2543, 81 L. Ed. 2d 437 (1984) (no showing that plea was the result of government deception or unfulfilled promise); *Bradshaw v. Stumpf*, 545 U.S. 175, 186, 125 S. Ct. 2398, 162 L. Ed. 2d 143 (2005) (no showing that petitioner could not have understood terms of the plea agreement); *Nunes v. Mueller*, 350 F.3d 1045, 1054 (9th Cir. 2003) (petitioner received wrong information about proposed terms of plea agreement), *cert. denied*, 543 U.S. 1038 (2004).
    Cumulative error occurs when the combined effect of multiple trial court errors violates due process. *See generally Parle v. Runnels*, 2007 U.S. App. LEXIS 23734 at *8-*13 (9th Cir. Oct. 10, 2007).

In California, the highest state court is the California Supreme Court. To "fairly present" a federal claim, the prisoner must describe in the state court proceedings both the operative facts and the precise federal legal theory on which his claim is based. *See Duncan*, 513 U.S. at 365-66.

The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed. *See Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000).

A district court must dismiss a habeas petition containing only unexhausted claims. *See Rose*, 455 U.S. at 522; *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) ("a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). However, when a petition is dismissed without prejudice for failure to exhaust state remedies and was unadjudicated on its merits, a subsequent habeas petition raising the claims in the first petition is not barred and may be filed without advance permission from a court of appeals. *See Slack v. McDaniel*, 529 U.S. 473, 483, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); *In re Turner*, 101 F.3d 1323 (9th Cir. 1997).

**B.   Respondent's Motion to Dismiss**

Respondent argues that the Petition does not specify any federal constitutional or statutory basis for any ground. (MTD at 5.) Petitioner concedes Respondent's argument, and simply argues that he is in the process of exhausting his federal constitutional claims.[3] (Response at 1.) By separate

---

[3] Ground Two appears to be moot. Petitioner contends that he "did not waive his right to appeal the [trial] court's decision on whether Petitioner willfully failed to appear for sentencing without good cause." (Petition at 5.) The Court of Appeal agreed and held that Petitioner "did not waive his right to appeal any possible future error by the trial court in the event it became necessary to consider whether he violated a term of his plea agreement." (LD 1, App. A at 4.) Accordingly, the Court of Appeal declined to dismiss the appeal and reviewed the merits. (*Id.*) Under these circumstances, Ground Two is moot.

5

minute order, Petitioner's motion for a stay is denied on the ground that a stay is not available for a wholly unexhausted petition. *Raspberry*, 448 F.3d at 1154.

Accordingly, Respondent's motion to dismiss should be granted and the Petition should be dismissed without prejudice.

### C.   Petitioner's Options and Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 provides for a one-year statute of limitations for filing a habeas petition in federal court. 28 U.S.C. § 2244(d). Generally, the limitations period begins on the date a petitioner's conviction becomes final. 28 U.S.C. § 2244(d)(1). The time spent in state court pursuing collateral relief is statutorily tolled. 28 U.S.C. § 2244(d)(2). Additionally, depending on the circumstances, the expiration of the limitations period may be equitably tolled.[4] *Miles v. Prunty*, 187 F.3d 1104 (9th Cir. 1999). Tolling means that the "clock" stops while review is pending, and then starts running again, but does not restart at zero.

On direct appeal, the California Supreme Court denied review on May 23, 2007. (LD 2.) Thus, Petitioner's conviction became final 90 days later, on August 21, 2007, when the time for him to petition for certiorari elapsed. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), absent tolling, the statute of limitations will expire on August 21, 2008. **Accordingly, to avoid being time-barred, Petitioner must file a new habeas petition in federal court on or before August 21, 2008, unless he is entitled to tolling.**

Petitioner attaches a copy of a state habeas petition signed on October 10, 2007, in the San Bernardino County Superior Court. (Reply, Exh. B.) A petitioner is normally entitled to "one full round" of collateral review in the state court free of

---

[4] The Supreme Court has not yet decided whether 28 U.S.C. § 2244(d) allows for equitable tolling. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007).

6

federal interference. *Carey v. Saffold*, 536 U.S. 214, 222, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002). This Circuit interpreted "one full round" to mean consecutive petitions in the Superior Court, Court of Appeal, and California Supreme Court.[5] *Welch v. Carey*, 350 F.3d 1079, 1083 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004). However, after receiving a denial at a lower court, a petitioner must **promptly** file a state habeas petition at the next appellate level. A six-month delay is considered unreasonably long. *Evans v. Chavis*, 546 U.S. 189, 193, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006). "A petitioner must be careful to timely file in federal court after he concludes his first full round of state collateral review, lest he run afoul of the statute of limitations." *Biggs v. Duncan*, 339 F.3d 1045, 1048 n.2 (9th Cir. 2003).

## III.
## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation, and (2) dismissing the petition without prejudice.

DATED: November 20, 2007

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[5] However, a state petition that is rejected as untimely does not qualify for statutory tolling because it was not "properly filed." *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 132 (2006); *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (a petition denied by the California Supreme Court as untimely is "neither 'properly filed' nor 'pending'"). A California Supreme Court citation to page 780 of *In re Robbins* is a "clear ruling that [a] petition was untimely." *Thorson*, 479 F.3d at 645.